**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4778**

———————

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

 v.

BENJAMIN ROBERT DAVIS,

  Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   Terrence W. Boyle, District Judge.  (5:11-cr-00311-BO-1)

———————

Submitted:  May 30, 2013          Decided:   June 11, 2013

———————

Before MOTZ, SHEDD, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Joshua B. Howard, GAMMON, HOWARD, ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Benjamin Robert Davis pled guilty to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) (2006) and was sentenced to 180 months of imprisonment. His sentence was enhanced under the Armed Career Criminal Act ("ACCA"). 18 U.S.C. § 924(e)(1) (2006). On appeal, Davis raises two issues, whether: (1) his three state court convictions for arson should be treated as only one conviction for purposes of the ACCA enhancement;[*] and (2) the district court failed to address the required factors and applied an erroneous standard in assessing the applicability of the ACCA. For the reasons that follow, we affirm.

Davis raises only sentencing errors on appeal. After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness applying a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 49 (2007). This Court first must ensure that the district court committed no significant procedural error. Id. at 51. Only if the sentence is procedurally reasonable can this Court evaluate the substantive reasonableness of the sentence, again using the

---

[*] The burnings were of separately owned residences, on the same street, ignited on the same night from inside the structures.

2

abuse-of-discretion standard of review. Id.; United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

We review de novo a district court's application of a statutory sentencing enhancement. United States v. Letterlough, 63 F.3d 332, 334 (4th Cir. 1995). Under the ACCA, a defendant is an armed career criminal and subject to a fifteen-year mandatory-minimum sentence if he violates 18 U.S.C. § 922(g)(1) and has at least three prior convictions for violent felonies or serious drug offenses "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode. Letterlough, 63 F.3d at 335. In other words, the predicate ACCA offenses must be those that can be isolated with a beginning and an end. United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998). Davis has failed to show reversible error in the district court's application of the ACCA enhancement.

Next, Davis contends that the district court failed to address the required factors and applied an erroneous standard in assessing the applicability of the ACCA enhancement. In particular, Davis argues that the district court failed to assess his claims under the factors discussed in United States v. Carr, 592 F.3d 636, 644 (4th Cir. 2010), which relied on Letterlough. We find no reversible error. Defense counsel

3

carefully reviewed the Carr factors at sentencing, the district court adequately explained its decision to apply the enhancement, and the district court's application of the ACCA enhancement in this matter comfortably fits within our case law on the issue. See Carr, 592 F.3d at 645 (upholding ACCA designation based on conclusion that breakings or enterings of thirteen different storage units, with ten different victims, were "separate and distinct criminal episodes for purposes of the ACCA"); Hobbs, 136 F.3d at 389 ("[T]he fact that there were multiple victims decisively tips the scales in favor of concluding that each burglary was a separate and distinct criminal episode." (internal quotation marks omitted); Letterlough, 63 F.3d at 335 ("Convictions occur on occasions different from one another if each of the prior convictions arose out of a separate and distinct criminal episode." (internal quotation marks omitted)).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4